IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WELSH FARMS, LLC                                                           PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:10cv220DPJ-FKB

THE UNITED STATES DEPARTMENT                                               DEFENDANT
OF AGRICULTURE

**FILED**
APR 19 2010
J. T. NOBLIN, CLERK
BY _____ DEPUTY

## *COMPLAINT*

COMES NOW Plaintiff, Welsh Farms, LLC, and this brings this action against the

United States Department of Agriculture, as follows:

1.      This is an action for judicial review of a final administrative decision made on

March 16, 2010, on Defendant's behalf by M. Terry Johnson, Deputy Director, National Appeals

Division, United States Department of Agriculture.  Mr. Johnson's final administrative decision

was that Plaintiff's National Appeals Division hearing set for September 22, 2009 was properly

dismissed by the hearing officer.

## *JURISDICTION AND VENUE*

2.      This Court has jurisdiction of the subject matter of this action by virtue of 28

U.S.C. § 1331; 7 U.S.C. § 6999; and 5 U.S.C. § 702, 703, and 704.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## *PARTIES*

4.      Plaintiff, Welsh Farms, LLC, is a Mississippi Limited Liability Company which

owned and operated 545 acres located in Madison County, Mississippi.

5.      Defendant is the United States Department of Agriculture and, as such, is

ultimately responsible for the final determination at issue in this action.  All allegations in this

Complaint against the USDA, its agencies, committees, directors, deputy directors, and hearing officers, are intended to be understood as allegations against the Defendant, USDA.

6.     Reference in this Complaint using the following list of abbreviation refers to the full name listed beside it:

USDA         United States Department of Agriculture.

FSA          Farm Service Agency, a department or agency of the United States
             Department of Agriculture.

NAD          National Appeals Division of the United States Department of Agriculture.

CRP          Conservation Reserve Program

## *FACTUAL BACKGROUND*

7.     In March 2001, Welsh Farms, LLC, purchased a 545 acre tract of land, in Madison County Mississippi , from Bogue Chitto Timber Company.  Approximately 122.6 acres of the tract were well drained roads, wildlife food plots and duck holes (the "disputed 122.6 acres").   A portion of the 545 acre tract, excluding the disputed 122.6 acres, was under a USDA CRP contract managed by Madison County FSA.

8.     The 545 acre tract was originally part of a larger tract of approximately 2,000 acres owned by Bozeman Joint Venture ("Bozeman").  Approximately 1,299 acres of the original 2,000 acre tract was under a CRP contract managed by Madison County FSA.

9.     Hardwood planting under the original CRP contract was performed by Bozeman Joint Venture.  Cost share payments and annual rental payments were approved on the entire 1,299 acre tract.  Planting was to begin on November 1, 1997.

10.     The original CRP contract and plan was entered into between USDA and Bozeman.  The disputed 122.6 acres  was sold by Bozeman to Bogue Chitto Timber Company as part of a larger tract conveyed by Warranty Deed dated January 2, 1998.  The sale was subject to the terms and provisions of the outstanding unrecorded USDA CRP.  Pursuant to the Warranty Deed from Bozeman to Bogue Chitto, Bozeman as grantor, "obligated himself to plant the open land upon the subject property in hardwood trees as required by said CRP contract."  The disputed 122.6 acres which included wildlife food plots, duck holes, and roads was never planted.  The wildlife food plots, duck holes, and roads were never intended to be planted, and did not come under the original CRP contract.

11.     On March 17, 1998, USDA prepared a performance report regarding the entire 1,299 acre tract covered by the original CRP contract.  The performance report indicated as follows:  "Completed planting and site prep of hardwoods."   The performance report made no mention of the disputed 122.6 acres as being "un-planted" or otherwise in violation of the original CRP contract.   The disputed 122.6 acres were specifically excluded from the original CRP contract.

12.     At the time of the March 17, 1998 USDA performance report, the 545 acre tract had already been carved out of the original 2,000 acre tract and sold to Bogue Chitto Timber Company by Bozeman.   When Bogue Chitto Timber Company purchased the property from Bozeman, the disputed 122.6 acres, comprising roads, wildlife food plots, and duck holes remained unplanted.  When the USDA submitted its March 17, 1998 performance report, USDA concluded that planting was in compliance with the original CRP program and plan.  By virtue of its compliance report, USDA concluded that the wildlife food plots, duck holes, and roads

comprising the 122.6 disputed acres were intended to be excluded from the original CRP contract and plan.

13. On March 19, 1998, Bozeman was approved for a cost share payment of $88,332.00 on the property. At the time this cost share payment was approved, the USDA was fully aware that the wildlife food plots, duck holes, and roads on the 122.6 disputed acres were unplanted. The wildlife food plots, duck holes, and roads on the 122.6 disputed acres were intended to be excluded from the original CRP contract.

14. On April 1, 1998, the Madison County FSA forwarded documents to Bogue Chitto Timber Company in order to memorialize Bogue Chitto Timber Company's ownership of 329.7 acres under the original CRP contract. The documents were signed and returned to the Madison County FSA office with a certification that the planting, then existing on the subject property, was in compliance with the original CRP plan and contract. At the time of this certification, the wild life food plots, duck holes, and roads continued to remain unplanted on the 122.6 disputed acres. This is another indication that the wildlife food plots, duck holes, and roads on the 122.6 disputed acres were intended to be excluded from the original CRP contract and plan.

15. In October of 2000, the USDA conducted a status review on the 329.7 acres purchased by Bogue Chitto Timber Company from Bozeman out of the original CRP Plan and Contract. In its status review, the USDA indicated that the entire acreage was in compliance with the original CRP plan and contract. At the time of this final status review, the wildlife food plots, duck holes and roads on the disputed 122.6 acres remained unplanted. This is additional evidence that wildlife food plots, duck holes, and roads on the 122.6 disputed acres were never

intended to be planted under the original CRP plan and contract.

16.     The Bogue Chitto Timber Company, LLC was the owner/operator with control of the disputed 122.6 acres from January 22, 1998, until March 2001. In March 2001, the 545 acre tract containing the 122.6 disputed acres was purchased by Welsh Farms, LLC. Bogue Chitto Timber Company received annual CRP payments on the subject property through October 2000. Bogue Chitto Timber may have received a portion of the October 24, 2001 payment.

17.     Welsh Farms, LLC did not receive cost share payments for planting on the 545 acre tract. Welsh Farms, LLC did receive annual CRP payments beginning in October 2001.

18.     On October 17, 2006, Welsh Farms, LLC, executed an Amended CRP contract terminating 32.5 acres from the original CRP contract signed by Welsh Farms. The annual rent payment was reduced by $1,884.00. The acreage termination was a result of a remapping study based upon satellite imaging dated April 11, 2006. The April 11, 2006 satellite imagery clearly showed the unplanted, disputed 122.6 acres. However, Madison County FSA did not make any effort at that time to terminate the CRP contract, bring any remaining unplanted acreage to the attention of Welsh Farms, and /or attempt to eliminate the remaining unplanted acreage. If Madison FSA believed that the disputed 122.6 acres was covered by the original CRP contract, Madison FSA should have taken steps, at least by 2006, to terminate the CRP contract with Welsh Farms, LLC, remove the acreage from the CRP contract and/or seek refund payments. Madison County FSA did not take any of these steps because the disputed 122.6 acres was specifically excluded from the original CRP contract.

19.     The entire 545 acreage tract is an example of the intent of the USDA's CRP planting program. The entire 545 acreage tract was meticulously well maintained over the years

by Welsh Farms, LLC.  There is substantial and significant hardwood growth from the original

hardwood plantings.  There are well maintained, well drained roads.  The are excellent well

maintained grass food plots which are bordered by the CRP planted hardwoods.  There are

excellent well maintained manageable duck holes also bordered by the CRP plots.  The 545

acreage tract is an example of excellent wildlife habitat management.

     20.    In April 2009, Welsh Farms was approached by a buyer to purchase the entire 545

acre tract.  Welsh Farms learned of an inquiry from the Madison County FSA regarding the

disputed acreage, specifically whether the 122.6 acres should have been planted under the

original CRP contract.  In order to allow for the sale of the property, Madison County FSA

proposed a procedure whereby Madison County FSA would execute two new contracts.  One

contract would contain the acreage which was not in dispute.  The second contract would contain

the disputed 122.6 acres.  Once Welsh Farms, LLC assumed the two contracts, Welsh Farms

could proceed with the sale of the 545 acre tract.  Welsh Farms agreed to the procedure proposed

by Madison County FSA.

     21.    On April 24, 2009, Welsh Farms wrote Madison County FSA confirming Welsh

Farms, LLC's agreement with Madison County FSA's proposal to allow for sale of the 545 acre

tract.  In it's letter of April 24, 2009, Welsh Farms confirmed that its agreement with Madison

County's FSA procedure "will not affect Welsh Farms, LLC's rights on appeal."   Welsh Farms

did not voluntarily terminate the CRP contract containing the disputed acreage.  The CRP

contract containing the disputed 122.6 acres was terminated based on the procedure outlined by

Madison County FSA.

     22.    On May 4, 2009, Welsh Farms, LLC received a refund letter from Madison

County FSA requesting that Welsh Farms, LLC, refund all cost share payments and annual CRP

rental payments on the subject property dating back to 1998. The cost share payments and

annual CRP rental payments for which refund was requested included payments made to

Bozeman and Bogue Chitto Timber Company. Welsh Farms, LLC was being requested to refund

cost share payments and annual CRP rent payments which Welsh Farms, LLC never received.

23.     On May 14, 2009 Welsh Farms, submitted an FOIA request to the Madison

County FSA requesting all documents relating to the original CRP Contract and Plan which

included the disputed 122.6 acres. The purpose of the request was to insure that Welsh Farms

would have all original and amended plans,  maps, certifications, deficiency notices, contracts,

cost share payments, rental payments, refund worksheets, and/or any other such documents

relating to the original CRP plan and any amendments thereto. The requested information would

have allowed Welsh Farms to determine whether or not there was other acreage under the

original CRP plan and contract that had not been planted. The absence of planting on additional

acreage under the original contract would be consistent with Welsh Farms' position that the

disputed acreage was never intended to be covered by the original plan and/or contract. The

request for documents was denied.

24.     On May 21, 2009, Welsh Farms, LLC appealed Madison County FSA's May 4,

2009 refund request to the NAD. The matter was referred to a hearing officer.

25.     A final in-person hearing was scheduled to take place on September 22, 2009 at

1:00 p.m.  Due to scheduling conflicts, the manager of Welsh Farms, LLC could not attend the

hearing in person. A request to continue the in-person hearing was denied by the hearing officer.

On the date of the in-person hearing, the manager of Welsh Farms, LLC, delivered an Affidavit

to the hearing officer, and again requested that the appeal be continued.

26.     On September 23, 2009, the NAD hearing officer filed a Notice of Appellant's Failure to Appear requiring Welsh Farms to submit documentation no later than October 5, 2009 to show cause as to why Welsh Farm, LLC's appeal should not be dismissed.

27.     On October 5, 2009, Welsh Farm provided the requested documentation to the NAD hearing officer.

28.     On October 6, 2009, the NAD hearing officer dismissed Welsh Farms appeal, refusing to consider the appeal on the merits.

29.     On October 31, 2009, Welsh Farms, LLC requested director review of the NAD Hearing Officer's dismissal of Welsh Farms' appeal.

30.     On March 16, 2010, Deputy Director N. Terry Johnson upheld the NAD Hearing Officer and issued a final order of the USDA dismissing Welsh Farm, LLC's appeal and concluding all administrative proceedings relative to such appeal.  In his decision, the Deputy Director specifically found that "the merits of this appeal are substantive and Manager [of Welsh Farms] would like very much to have the opportunity to litigate them."

31.     Welsh Farms is filing this Complaint, asking for judicial review of this final determination by the Deputy Director of USDA, with the request that the matter be remanded to an NAD Hearing Officer for a full hearing on the merits.

### *DECLARATORY JUDGMENT*

32.     The Final USDA Agency action was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; was in excess of statutory jurisdiction, authority, or limitations or short of statutory rights; was without observance of procedures required by law,

and was unsupported by substantial evidence for reasons that include the following:

> Welsh Farms should have been granted a continuance of the September 22, 2009 hearing and afforded an evidentiary hearing on the merits of its appeal from the May 4, 2009 Refund Letter from Madison County FSA.

### ***DEMAND FOR JUDGMENT***

Plaintiff, Welsh Farms, LLC, demands a judgment in its favor as follows:

A.    A judgment from this Court declaring that the USDA's action was arbitrary, capricious, and abuse of discretion or otherwise not in accordance with law; was in excess of statutory jurisdiction, authority or limitations or short of statutory rights; was without observance of procedure as required by law, and was unsupported by substantial evidence, all in violation of 5 U.S.C. § 706;

B.    A judgment by this Court remanding this matter to the USDA with specific instructions that the USDA afford Welsh Farms, LLC and evidentiary hearing on the merits of its appeal from the May 4, 2009 refund letter from Madison County FSA.

C.    A judgment from this Court finding that the position of the USDA was not substantially justified and grant Welsh Farms, LLC reasonable attorneys' fees pursuant to the provisions 28 U.S.C. § 2412;

D.    A judgment from this Court granting Welsh Farms, LLC costs of suit herein; and

E.    A judgment from this Court granting such further and other relief as this Court deems appropriate.

DATED this the 19th day of April, 2010.


                              Respectfully submitted,

                              WELSH FARMS, LLC


                    BY:   *C. Chet Welt III*
                          C. VICTOR WELSH, III

OF COUNSEL:

C. VICTOR WELSH, III, (MSB# 7107)
cvw@pgrwlaw.com
PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: 601-948-6200
Facsimile: 601-948-6187